**Shagen MOOUSAELIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71983.

Agency No. A72–774–978.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 16, 2003.

David Nakatsuma, Los Angles, CA, Shagen Moousaelian, pro se, Panorama, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Julia K. Doig, Linda S. Wendtland, John L. Davis, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Petitioner Shagen Moousaelian contends that translation difficulties at his hearings before the immigration judge deprived him of a full and fair hearing on his claims for asylum and withholding of deportation.

The fact that his hearings were conducted in Armenian rather than Russian does not appear to have violated Mr. Moousaelian's right to due process. However, a review of the record reveals significant circumstantial evidence of incompetent translation. *See Perez–Lastor v. INS,* 208 F.3d 773, 778 (9th Cir.2000). The translation difficulties at the hearing before the immigration judge resulted in an inadequate and confusing record. *See He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir.2003) ("Even when there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based."). We therefore remand to the Board of Immigration Appeals with instructions to hold a new hearing on the asylum and withholding issues raised by the petitioner.

**PETITION GRANTED. REMANDED.**

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.